MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JAVIER ALVAREZ LOPEZ, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| CVK RESTAURANT CORP. (d/b/a MURRAY HILL DINER), CHRISTOS KATSANOS, and VASILIOS KATSANOS | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Javier Alvarez Lopez ("Plaintiff Alvarez" or "Mr. Alvarez") individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against CVK Restaurant Corp. (d/b/a Murray Hill Diner) ("Defendant Corporation"), Christos Katsanos and Vasilios Katsanos alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff Alvarez is a former employee of defendants CVK Restaurant Corp. (d/b/a Murray Hill Diner), Christos Katsanos, and Vasilios Katsanos (collectively, "Defendants").

2.      Murray Hill Diner is a diner located at 222 Lexington Avenue, New York, NY 10016.

3.      Upon information and belief, individual defendants Christos Katsanos and Vasilios Katsanos, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the diner as a joint or unified enterprise.

4.      Plaintiff Alvarez was employed as a dishwasher and ostensibly as a delivery worker.

5.      At all times relevant to this Complaint, Plaintiff Alvarez worked for defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked.

6.      Rather, defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Alvarez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, defendants failed to pay Plaintiff Alvarez the required "spread of hours" pay for any day in which he worked over 10 hours per day.

8.      Defendants' conduct extended beyond Plaintiff Alvarez to all other similarly situated employees.

9.      At all times relevant to this Complaint, defendants maintained a policy and practice of requiring Plaintiff Alvarez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiff Alvarez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Alvarez seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Alvarez's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and defendants operate a diner located in this district. Further, Plaintiff Alvarez was employed by defendants in this district.

## THE PARTIES

*Plaintiff*

14.     Plaintiff Javier Alvarez Lopez ("Plaintiff Alvarez" or "Mr. Alvarez") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Alvarez was employed by defendants from approximately September 16, 2014 until on or about November 24, 2017.

16.     Plaintiff Alvarez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, defendants owned, operated, or controlled a diner located at 222 Lexington Avenue, New York, NY 10016 under the name "Murray Hill Diner."

18.     Upon information and belief, CVK Restaurant Corp. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 222 Lexington Avenue, New York, NY 10016, and its corporate headquarters at the same address.

19.     Defendant Christos Katsanos, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

20.     Defendant Christos Katsanos is sued individually in his capacity as owner, officer and/or agent of defendant Corporation.

21.     Defendant Christos Katsanos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

22.     Defendant Christos Katsanos determined the wages and compensation of the employees of Defendants, including Plaintiff Alvarez, established the schedules of the

employees, maintained employee records and had the authority to hire and fire employees.

23.     Defendant Vasilios Katsanos, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

24.     Defendant Vasilios Katsanos is sued individually in his capacity as owner, officer and/or agent of defendant Corporation.

25.     Defendant Vasilios Katsanos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

26.     Defendant Vasilios Katsanos determined the wages and compensation of the employees of Defendants, including Plaintiff Alvarez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate a diner located in the Murray Hill section of Manhattan in New York City.

28.     Individual defendants, Christos Katsanos and Vasilios Katsanos possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

- 5 -

30.     Defendants' possessed substantial control over Plaintiff Alvarez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Alvarez, and all similarly situated individuals, referred to herein.

31.     Defendants employed Plaintiff Alvarez (and all similarly situated employees) and were Plaintiff Alvarez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, defendants constitute a single employer of Plaintiff Alvarez and/or similarly situated individuals.

33.     Upon information and belief, individual defendants Christos Katsanos and Vasilios Katsanos operate Defendant Corporation as either an alter ego of themselves and/or fail to operate defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

     f.   intermingling assets and debts of their own with Defendant Corporation,

     g.   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

     h.   other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, defendants were Plaintiff Alvarez's employer within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Alvarez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Alvarez's services.

35.    In each year from 2014 to 2017, defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, defendants and/or their enterprises were directly engaged in interstate commerce. As an example, numerous items that are used in the diner on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.    Plaintiff Alvarez is a former employee of defendants, who was employed as a dishwasher and ostensibly as a delivery worker.

38.    Plaintiff Alvarez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Javier Alvarez Lopez*

39.    Plaintiff Alvarez was employed by Defendants from approximately September 16, 2014 until on or about November 24, 2017.

40.    Defendants employed Plaintiff Alvarez as a dishwasher and ostensibly as a delivery worker.

41.    Plaintiff Alvarez's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with defendants, Plaintiff Alvarez regularly worked in excess of 40 hours per week.

43.    From approximately September 16, 2014 until on or about November 2016, Plaintiff Alvarez worked from approximately 11:30 a.m. until on or about 10:00 pm Mondays through Saturdays (typically 60 to 63 hours per week).

44.    From approximately December 2016 until on or about November 24, 2017, Plaintiff Alvarez worked from approximately 3:15 p.m. until on or about 12:00 a.m. Mondays through Fridays (typically 43.75 hours per week).

45.    Throughout his employment with defendants, Plaintiff Alvarez was paid his wages in cash.

46.    From approximately September 16, 2014 until on or about November 2016, defendants paid Plaintiff Alvarez a fixed salary of $300 per week.

47.    From approximately December 2016 until on or about May 2017, defendants paid Plaintiff Alvarez a fixed salary of $440 per week.

48.    From approximately May 2017 until on or about November 24, 2017 defendants paid Plaintiff Alvarez a fixed salary of $460 per week.

49.    Plaintiff Alvarez's pay did not vary even when he was required to work a longer day than his usual schedule.

50.    Specifically, defendants regularly required Plaintiff Alvarez to arrive 30 to 45 minutes prior to his scheduled arrival time and did not pay him any additional pay.

51.     Prior to approximately December 2016, Defendants did not grant Plaintiff Alvarez any breaks or meal period of any kind.

52.     Although from approximately December 2016 until on or about November 24, 2017, defendants granted some breaks for Mr. Alvarez, such breaks were extremely rare.

53.      No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Alvarez regarding overtime and wages under the FLSA and NYLL.

54.     Prior to approximately December 2016, Plaintiff Alvarez was not required to keep track of his time, nor to his knowledge did the defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     Although from approximately December 2016 until on or about November 24, 2017 defendants did require Plaintiff Alvarez to punch in and out, the system would not reflect the actual hours he had worked. For example, when Plaintiff Alvarez would punch in at 3:15 p.m. and punch out at 12:00 a.m., the system would falsely show that he had only worked 7 hours.

56.     Furthermore, defendants never provided Plaintiff Alvarez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

57.     From approximately July 2017 until on or about November 24, 2017, Plaintiff Alvarez was forced to sign false pay receipts that indicated that he worked less than 40 hours and was paid at an hourly rate of $12 per hour when he was in fact paid a fixed salary.

58.     Defendants never gave any notice to Plaintiff Alvarez, in English and in Spanish (Plaintiff Alvarez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     In fact, in approximately March 2015, Plaintiff Alvarez was provided with a false

pay notice (in English only) that did not indicate the correct wages that he was paid.

60.    Defendants required Plaintiff Alvarez to purchase "tools of the trade" with his own funds-including five bicycles, three helmets, six chains, more than twelve sets of lights and additional costs for bicycle maintenance and repair.

*Defendants' General Employment Practices*

61.    At all times relevant to this Complaint, defendants maintained a policy and practice of requiring Plaintiff Alvarez (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

62.    Plaintiff Alvarez was a victim of defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63.    Defendants' pay practices resulted in Plaintiff Alvarez not receiving payment for all his hours worked, resulting in Plaintiff Alvarez's effective rate of pay falling below the required minimum wage rate.

64.    Defendants habitually required Plaintiff Alvarez to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

65.    As part of their regular business practice, defendants intentionally, willfully, and repeatedly harmed Plaintiff Alvarez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

66.    Plaintiff Alvarez was paid his wages entirely in cash.

67.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

68.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Alvarez worked.

69.     Further Defendants forced Plaintiff Alvarez to sign false pay receipts and provided him with a false pay notice that he was unable to understand.

70.     Upon information and belief, these practices by defendants were done willfully to disguise the actual number of hours Plaintiff Alvarez (and similarly situated individuals) worked, and to avoid paying Plaintiff Alvarez properly for his full hours worked.

71.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Alvarez and other similarly situated current and former employees.

73.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74.     Defendants failed to provide Plaintiff Alvarez and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

75.     Defendants failed to provide Plaintiff Alvarez and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76.     Plaintiff Alvarez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by defendants on or after the

date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of defendants (the "FLSA Class").

77.    At all relevant times, Plaintiff Alvarez, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions.

78.    At all relevant times, Plaintiff Alvarez, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to the defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

79.    At all relevant times, Plaintiff Alvarez, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to the defendant's willful failure to keep records required by the FLSA.

80.    The claims of Plaintiff Alvarez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

81.    Plaintiff Alvarez repeats and realleges all paragraphs above as though fully set forth herein.

82.    At all times relevant to this action, defendants were Plaintiff Alvarez's employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Alvarez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

83.     At all times relevant to this action, defendants were engaged in commerce or in an industry or activity affecting commerce.

84.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85.     In violation of 29 U.S.C. § 206(a), defendants failed to pay Plaintiff Alvarez at the applicable minimum hourly rate.

86.     Defendants' failure to pay Plaintiff Alvarez at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff Alvarez was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

88.     Plaintiff Alvarez repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Alvarez overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90.      Defendants' failure to pay Plaintiff Alvarez, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

91.     Plaintiff Alvarez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

92.      Plaintiff Alvarez repeats and realleges all paragraphs above as though fully set forth herein.

- 14 -

93.     At all times relevant to this action, defendants were Plaintiff Alvarez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Alvarez, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

94.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Alvarez less than the minimum wage.

95.     Defendants' failure to pay Plaintiff Alvarez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

96.     Plaintiff Alvarez was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

97.     Plaintiff Alvarez repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Alvarez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99.     Defendants' failure to pay Plaintiff Alvarez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

100.    Plaintiff Alvarez was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

101.    Plaintiff Alvarez repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants failed to pay Plaintiff Alvarez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Alvarez spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

103.    Defendants' failure to pay Plaintiff Alvarez an additional hour's pay for each day Plaintiff Alvarez spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

104.    Plaintiff Alvarez was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

105.    Plaintiff Alvarez repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants failed to provide Plaintiff Alvarez with a written notice, in English and in Spanish (Plaintiff Alvarez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

107.    Defendants are liable to Plaintiff Alvarez in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

108.    Plaintiff Alvarez repeats and realleges all paragraphs above as though set forth fully herein.

109.    With each payment of wages, defendants failed to provide Plaintiff Alvarez with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

110.    Defendants are liable to Plaintiff Alvarez in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

111.    Plaintiff Alvarez repeats and realleges all paragraphs above as though set forth fully herein.

112.    Defendants required Plaintiff Alvarez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as work gear, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

113.    Plaintiff Alvarez was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alvarez respectfully request that this Court enter judgment against defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alvarez (including the prospective collective class members);

(c)    Declaring that defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alvarez (including the prospective collective class members);

(d)    Declaring that defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Alvarez's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Alvarez (including the prospective collective class members);

(f)    Awarding Plaintiff Alvarez (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper

deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Alvarez (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alvarez;

(i)      Declaring that defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alvarez;

(j)      Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Alvarez;

(k)      Declaring that defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Alvarez's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Alvarez;

(m)      Awarding Plaintiff Alvarez damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiff Alvarez damages for the Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Alvarez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and

- 19 -

overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated

damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Alvarez (including the prospective collective class members)

pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Alvarez (including the prospective collective class members

the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Alvarez demands a trial by jury on all issues triable by a jury

Dated:  New York, New York
        December 8, 2017


                                        MICHAEL FAILLACE & ASSOCIATES, P.C.


                                By:  _____/s/ Michael Faillace_____
                                        Michael Faillace [MF-8436]
                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        Michael A. Faillace [MF-8436]
                                        60 East 42nd Street, suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620
————

Faillace@employmentcompliance.com

November 27, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Alvarez Lopez Javier

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                         27 de noviembre de 2017

*Certified as a minority-owned business in the State of New York*