# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510              Telephone: (212) 317-1200
New York, New York 10165                 Facsimile: (212) 317-1620
_____

michael@faillacelaw.com

June 26, 2018

**VIA ECF**
Honorable Lorna G. Schofield.
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square
New York, NY 10007

          Re:    Alvarez Lopez, et al. v. CVK Restaurant Corp., et al.;
                   17-cv-09679 (LGS)

Your Honor:

     This office represents Plaintiff in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions before Judge Gorenstein. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

    1. **Background**

     Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, recovery of equipment costs, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), and alleged unpaid minimum and overtime wages, spread-of-hours wages, liquidated damages, recovery of equipment costs, statutory damages, attorneys' fees, and costs pursuant to various provisions of the New York Labor Law, including the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the wage notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

     Specifically, Plaintiff was employed by Defendants as a dishwasher and delivery person at Defendants' restaurant in New York City, which operates under the name Murray Hill Diner. Plaintiff worked for Defendants from September 2014 until November 2017. Despite working significant overtime, Plaintiff alleges he was improperly paid a fixed salary each week. Plaintiff also alleges he was not provided spread of hours pay and did not received proper wage statements and wage notices pursuant to the New York Labor Law.

     Defendants denied the allegations.

Page 2

## 2. Settlement Terms

Plaintiff claimed that he would be entitled to back wages of approximately $43,691.19 if all of his allegations as to hours and pay were accepted. Defendants, however, possessed significant employment records, including time cards. If a fact-finder credited Defendants' time cards, Plaintiff's recovery could be limited to a de minimus amount.

The parties have agreed to settle this action for the total sum of $20,000.00. The settlement will be paid in one payment.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims. Specifically, Defendants contested Plaintiff's allegations regarding the number of hours worked, which could potentially lead to no recovery for Plaintiff. As such, Plaintiff believes the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiff may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

## 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $6,666.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provide that forty percent of Plaintiff's recovery will be retained by the firm.

This amount is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

      i.      My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. It is indicated by the initials "MF." I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.      Shawn Clark is a senior associate at Michael Faillace & Associates. Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He has been selected as a Super Lawyers Rising Star yearly since 2015.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/Shawn R. Clark
      Shawn R. Clark
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiff

Encls.

Cc: Defendants' counsel (Via ECF)