UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAVIER ALVAREZ LOPEZ *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>CVK RESTAURANT CORP. (d/b/a MURRAY HILL DINER), CHRISTOS KATSANOS, and, VASILIOS KATSANOS,<br><br>*Defendants.* | Case No. 17-cv-9679<br><br>SETTLEMENT AGREEMENT AND RELEASE |

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Javier Alvarez Lopez ("Plaintiff Alvarez") on the one hand, CVK Restaurant Corp. (d/b/a Murray Hill Diner), ("Defendant Corporation"), Christos Katsanos and Vasilios Katsanos, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiff Alvarez alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff Alvarez's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-9679 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Alvarez, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Alvarez may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Alvarez, the gross sum of Twenty Thousand Dollars and No Cents (**$20,000.00**) (the "Settlement Amount") to be paid in one check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Alvarez" within Thirty Days (30) after court approval of the settlement agreement, and delivered to the office of Michael Faillace & Associates, P.C., Attorneys for Plaintiff, to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Determination of the Plaintiff Alvarez's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Alvarez and their counsel. Failure to deliver said checks shall constitute a default under the Agreement.

    In the event Defendants fail to deliver the Settlement Amount within 30 days after the Court's approval of the Agreement, Plaintiff shall deliver notice to cure said default within ten (10) business days of receipt of written notice to cure (to be delivered to Defendants by first class mail via their counsel, Michael P. Giampilis, Esq., at 94 Willis Avenue, Mineola, NY 11501 and electronic mail to mgiampilis@giampilislaw.com. Any such Notice of Cure shall be deemed received five (5) days after it is mailed. If Defendants fail to cure their default

1231196.1

after the notice to cure period expires, Plaintiff shall have the right to file judgment against Defendants in the amount of Thirty Thousand Dollars ($30,000.00).

Upon payment in full of the Settlement Amount, Plaintiff will draft and file a Stipulation of Dismissal with Prejudice with the Court.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff Alvarez hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Alvarez at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Alvarez from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Alvarez relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Alvarez and Defendants.

5. <u>Acknowledgments:</u> Plaintiff Alvarez and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Alvarez:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael P. Giampilis
**LAW OFFICES OF MICHAEL P. GIAMPILIS P.C.**
94 Willis Avenue
Mineola, NY 11501
Tel: (516)-739-5838
Fax: (516)-739-8225
Email: mgiampilis@giampilislaw.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Alvarez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff Alvarez to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Alvarez acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Alvarez acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Alvarez confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: ___[signature]___   Date: 6/14/18
JAVIER ALVAREZ LOPEZ


DEFENDANTS:

By: _____   Date: _____
CVK RESTAURANT CORP.


By: _____   Date: _____
CHRISTOS KATSANOS

By: _____   Date: _____
VASILIOS KATSANOS

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Alvarez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff Alvarez to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Alvarez acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Alvarez acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Alvarez confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____  Date: 6/14/18
JAVIER ALVAREZ LOPEZ

DEFENDANTS:

By: _____  Date: 6/15/18
CVK RESTAURANT CORP.

By: _____  Date: 6/15/18
CHRISTOS KATSANOS

By: _____  Date: 6/15/18
VASILIOS KATSANOS